10943

## FOSTER v. LOCAL UNION NO. 1233 UNITED TEXTILE WORKERS OF AMERICA

### (112 S. E. 917)

TRADE UNIONS—AUTHORITY OF COMMITTEE TO CONTRACT IMMATERIAL, IF ACTION FOR UNION WAS EXPRESSLY DENIED.—In an action against a labor union for an attorney's fees, it is immaterial whether the executive committee, which employed the attorney, had authority to do so on behalf of the union, where the committee stated to the attorney they had decided it would not be proper for the union as such to take such action, and made it plain that he would be paid by the voluntary subscription of the members.

Before BOWMAN, J., York, February, 1922. Affirmed.

Action by J. Harry Foster against Local Union No. 1233 United Textile Workers of America. Verdict for defendant and plaintiff appeals.

*Messrs. Dunlap & Dunlap,* for appellant, cite: *Jury cannot disregard charge of the Judge*: 68 S. C. 523, 15 S. C. 14. *Defense of ultra vires should have been pleaded*: 27 S. C. 621, Pom. Rems. Sec. 673, 73 S. C. 503, 51 S. C. 95, 51 S. C. 158. *Authority to employ implies authority to make a complete contract*: 14 C. J. 427.

*Mr. J. F. Flowers,* for respondent.   No citations.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action to recover $320 alleged balance of attorney's fee under a contract by which the plaintiff was engaged to assist in the prosecution of one O. N. Dawson, charged with the murder of one M. S. Butler, a member of the defendant union. Verdict for defendant.

The plaintiff claimed that the executive committee of the union employed him at a stated amount, under a resolution of the union, which was as follows:

"Resolved, that Brother Butler's case be turned over to the executive committee, and instruct them to carry out any plans in employing a good lawyer with Mr. Butler's relatives."

The members of the executive committee, who testified in the case, stated that they decided that it would not be proper for the union, as such, to take such action, and in their negotiations with Mr. Foster made it plain that the union was not employing him, but that he would be paid by the voluntary subscription of the members. If this be true, it did not matter what the authority of the committee was, the union would not be responsible, unless the authorization had been carried out. Whether it had been

or not was an issue of fact, which the presiding Judge fairly submitted to the jury.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.